Cite as 2021 Ark. 51

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| | Opinion Delivered: March 4, 2021 |
| IN RE AMENDMENT TO ADMINISTRATIVE ORDER NO. 16 | |

**PER CURIAM**

On February 4, 2021, we amended Administrative Order No. 16. *In re Amendment to Administrative Order No. 16*, 2021 Ark. 21 (per curiam). We now adopt changes. The revised order is published below, with the changes set forth in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

**Order 16. Procedures Regarding the Assignment of Judges**

**Section I. Authority and scope.**

Pursuant to Ark. Const. Amend. 80, §§ 4, 12, and 13; Ark. Code Ann. §§ 16-10-101 (Repl. 2010), 16-13-214 (Supp. 2019), and this Court's inherent rule making authority, the Court adopts and publishes Administrative Order No. 16: Procedures Regarding the Assignment of Circuit, District, and Retired Judges and Justices.

This Order authorizes the Chief Justice to assign (A) sitting circuit court judges, (B) retired circuit and appellate court judges and justices, and (C) sitting state district court judges, with their consent, to serve temporarily in circuit court. Sitting circuit judges may be authorized to sit in a judicial circuit other than the one in which they are currently elected or appointed.

This Order also authorizes the Chief Justice to assign (A) sitting district court judges, (B) sitting state district court judges, and (C) retired district court judges and retired state district court judges, with their consent, to serve temporarily in a district court. Sitting district court judges and sitting state district court judges may be authorized to sit on assignment in a city,

county or judicial district other than the one to which they are currently elected or appointed. Retired district court judges and retired state district court judges may sit in any county in the state. Sitting circuit judges and retired circuit and appellate judges may also be authorized, with their consent, to sit temporarily in district courts, upon appointment by the Chief Justice.

~~With the adoption of this Order, it is no longer necessary for courts to use Exchange Agreements.~~

With the adoption of this Order, Administrative Order No. 14, Section 3(c)(1) is repealed. It is no longer necessary for the administrative plan to provide the process for handling recusals, the reassignment of a case, or requests for assignment of a judge by the Supreme Court.

With the adoption of this Order, Administrative Order No. 1 and Administrative Order No. 18, Section 8 are repealed. It is no longer necessary to provide a process for the election of special judges.

This order shall be controlling in the event a circuit or district's administrative plan contains provisions in conflict with the process outlined herein, unless the conflicting provisions are required by this Court to obtain plan approval.

This Order provides a process for the assignment of judges in the event of disqualification, temporary inability to serve, or other need as determined by the Chief Justice. ~~in a way that does not undermine the random assignment of judges.~~ The duties of the Chief Justice under this Order may be discharged by his or her designee.

**Section II. Bases for assignment**.

A. Disqualification pursuant to Arkansas Code of Judicial Conduct; or

B. Temporary inability to serve; or

C. Other need as determined by the Chief Justice.

**Section III. Request for assignment-Recusals**.

Circuit Courts: All judicial circuits shall follow this process for the reassignment of a case and the request for an assignment of a special judge by the Chief Justice. A judge recusing him- or herself from a case shall file an Order of Recusal. The Circuit or County Clerk shall enter the case as a "recuse" into the case management system, which will then randomly reassign the case to another judge. The case management system shall first reassign the case to another judge who hears that case type before assigning the case to other judges in the circuit. If the newly assigned judge requests a recusal, he or she shall file an Order of Recusal.

The reassignment process shall continue until an appropriate judge is selected by the case management system or until all judges in the circuit have filed Orders of Recusal.

If all judges have been recused, the Circuit or County Clerk shall complete the form provided by the Administrative Office of the Courts to request a special judge. The Clerk shall send the form, along with documentation that all judges in the circuit have been recused, to the Chief Justice requesting that an assignment be made.

Circuit judges shall not be involved in the process of reassignment other than to accept the case or disqualify from the case. Documentation of recusals and all logistics regarding reassignment shall be handled by the Circuit or County Clerk as an administrative function.

District Courts: District Courts shall follow the same process as set out for circuit courts above but will utilize the District Court Clerk.

If all judges have been recused, the District Court Clerk shall complete the form provided by the Administrative Office of the Courts to request a special judge. The clerk shall send the form, along with documentation that all judges in the district have been recused, to the Chief Justice requesting that an assignment be made.

District judges shall not be involved in the process of reassignment other than to accept the case or disqualify from the case. Documentation of recusal and all logistics regarding reassignment shall be handled by the District Court Clerk as an administrative function.

Circuit and District Courts: After notifying the clerk's office of the need for reassignment, a judge shall take no further action in the case other than to direct the attorneys and self-represented litigants to contact the clerk's office regarding reassignment.

If the case management system lacks the capability to reassign a case as detailed above, the clerk's office shall be responsible for creating a process to randomly reassign the case. It is the responsibility of the clerk to document the reassignment process in each case to ensure that the random selection of the judge can be independently verified.

~~The process provided herein shall also be used when a judge is temporarily unable to serve. Either the case management system or the clerk shall be responsible for randomly reassigning the date(s) to another judge as detailed above. The reassignment process shall continue until a judge is assigned or until it is determined that no other judges are able to cover the date(s). If all judges are unavailable, the clerk shall complete the "Form Requesting Chief Justice to Assign a Special Judge." The clerk shall send the form, along with documentation that all judges in the circuit or district have been recused, to the Chief Justice.~~

**Section IV. Request for assignment – Temporary Inability to Serve (Day Assignments).**

Judges shall configure their calendars so that they are available to hear all matters and sign all orders in cases assigned to them. Judges are encouraged to use all available technology to fulfill these duties.

While it is preferable for judges to hear all cases assigned to them, there may be times when the assigned judge is temporarily unavailable. In the event the assigned judge is temporarily unavailable, he or she may request another judge from the respective circuit or district to preside over their cases. The parties shall be promptly notified of the temporary absence of the assigned judge and of the judge who will preside over the case instead. A party may request a continuance to allow the assigned judge to preside over the case and any continuance for this reason shall be granted, unless it is a time sensitive hearing under state or federal law.  In criminal matters, a defendant's request for continuance shall toll the intervening time for purposes of speedy trial until the assigned judge takes further action in the case.  Additionally, an order shall be entered memorializing the exclusion of this time period.

As used in this Administrative Order, a "Temporary Inability to Serve" is an unanticipated or emergency situation.  A request for a day assignment should not be made for any type of planned or scheduled absence including but not limited to vacations, appointments, meetings, conferences, special events, or medical procedures.

If a judge is temporarily unable to serve, the following reassignment process shall be utilized. The judge who is unavailable shall advise the clerk of the day(s) he or she will be unable to serve and the reason for their unavailability.  The clerk shall be responsible for randomly reassigning the date(s) to another judge. The clerk shall first randomly select another judge who hears the case type(s) scheduled before assigning the day to other judges in the circuit or district.  If the newly selected judge is unavailable to hear the docket, the clerk shall randomly select another judge.  The reassignment process shall continue until a judge is assigned or until it is determined that no other judges are able to cover the date(s). If the assigned judge determines that all judges are unavailable to preside over the cases scheduled for the day(s), the assigned judge shall request the clerk to shall complete the "Form Requesting Chief Justice to Assign a Special Judge." The clerk shall send the form, along with documentation that all judges in the circuit or district are unavailable, to the Chief Justice for the Chief's consideration.

When a judge presides over cases assigned to another judge or when a special judge is assigned by the Chief Justice, is assigned to sit for a day(s) for another judge in their circuit or district, the cases shall not be permanently reassigned to the special judge.

Section V. Exceptions

Because of the expeditious nature of the following hearings, the reassignment process provided above shall not prevent any circuit or district judge from hearing or signing orders

4

in the following in their jurisdiction with the consent of the assigned judge: first appearances and arraignments in criminal cases, probable cause hearings in dependency neglect cases, detention hearings in delinquency cases, emergency guardianship cases, involuntary commitments, probable cause hearings in adult protective services cases, temporary restraining orders, pleas and uncontested matters.

Exchange Agreements may be utilized by district judges presiding in single judge districts.

**Section V. ~~VI.~~ Considerations in making assignments**.

Issues which will be considered in selecting a judge to be assigned include, but are not limited to:

A. the type and complexity of the case;

B. the amount of time estimated for the assignment;

C. the geographic location of the case and the proximity of the assigned judge; and

D. the consent of the sitting judge or retired judge or justice selected.

Under no circumstances shall a judge, a lawyer, or a party seek to influence the decision of the Chief Justice in making an assignment.

**Section VI. ~~VII.~~ Assigned judges' power to sign documents**.

A judge assigned to a cause or matter may render or sign orders, judgments, documents, or other papers in that cause or matter in a geographic location other than the judicial circuit or district in which the cause or matter is pending. Such order, judgment, document, or other paper shall have the same effect, for all intents and purposes, as if signed in the judicial circuit or district in which the matter or cause is pending.

**Section VII. ~~VIII.~~ Terminations and reassignments**.

An assignment, once made, will be terminated only for good cause at the request of the assigned judge or at the discretion of the Chief Justice.

After termination of an assignment and notification to the clerk, the clerk shall reassign the case to a judge at random. If all judges in the judicial circuit or judicial district recuse, the process for assignment by the Chief Justice may begin anew upon completion of the "Form Requesting Chief Justice to Assign a Special Judge." The clerk shall send the form to the

Chief Justice along with documentation that all judges in the district have been recused. Assignment shall be made in the same manner as set out herein.

**Section VIII. ~~IX.~~ Reports**.

All judges assigned to circuit court cases are subject to Administrative Order No. 3, which requires the reporting of cases that have been under advisement for more than ninety (90) days after final submission. For reporting such cases, a judge shall follow the process set out in Administrative Order No. 3(2)(A). A judge who has no cases that have been under submission for more than ninety (90) days is not required to file a report.